ELECTRIC SERVICE REPAIR COMPANY, PLAINTIFF-RE-SPONDENT, v. ALEX GOLDSTEIN, TRADING AS CEN-TRAL HANDKERCHIEF COMPANY, DEFENDANT-AP-PELLANT.

Submitted January 25, 1935—Decided June 7, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Aaron Heller*.

For the respondent, *Charles Turndorf*.

PER CURIAM.

This is an appeal from a judgment of the First District Court of Paterson in a replevin action. Plaintiff brought its suit under section 143 of the District Court act without filing a bond. Under this section there can be a judgment for possession but not a money judgment for the value of the goods. *Tobin* v. *Vogel*, 9 *N. J. Mis. R.* 667.

Defendant, Alex Goldstein, trading as Central Handkerchief Company, desired an electric motor for use in his textile business. Negotiations were had by him with one Justesen and one Kurtz resulting in the following document:

"Central Handkerchief Co.
Passaic, N. J.
April 5, 1934.

Received from the Central Handkerchief Company, Passaic, New Jersey, $150 on account for one 25 Horse Power B. T. A. motor, 220 volt, 3 phase, 60 cycle, 415 RPM to 1250 RPM, complete with controls. Electrical equipment to be guaranteed against defects electrically and mechanically for a period of one year. The balance of $300 on delivery and same to be satisfactory. Delivery within one week.

National Elec. Co.,
J. Justesen."

It appears that the plaintiff, Electric Service Repair Company, delivered the motor to defendant, there being proof that National Electric Company had acted as plaintiff's agent. Defendant denied knowledge of this and said he dealt only with the National company and had no relations whatever with the plaintiff.

When plaintiff's driver delivered the motor, defendant pointed out to him that certain switch equipment was not with the motor. The driver returned to Paterson for this switch. When he returned to defendant's plant, defendant was not there, so the driver left the motor and the switch. Defendant did not pay him the $300 and has since refused to pay it on the alleged ground that the motor delivered was not "complete with controls" in accordance with the con-

tract. Plaintiff then demanded return of the motor and tendered to defendant the $150 paid in advance. Defendant refused to part with the property, and, it would appear, is not in a position of affirming the contract by keeping the motor and denying liability to pay anything further for it.

The grounds of appeal are the refusal of the court to nonsuit and direct a verdict. The first ground for these motions was that the motor was not delivered complete, certain controls having not been included. At best this seems to be a question of fact, since the contract does not specify the particular controls to be furnished. There was proof from plaintiff's witnesses that all the equipment called for by the contract and the oral negotiations was delivered. Defendant, who was his only witness, denied this. In this situation we are of opinion that there was evidence to support the finding of the trial court on this phase of the case.

Defendant also claims he was entitled to a directed verdict because he had no contractual relations with the plaintiff but dealt with the National Electrical Company. There can be no doubt, from the evidence, that plaintiff owned the motor and delivered it to defendant. If defendant did not deal with plaintiff and does not wish to, then his duty is to return plaintiff's property to it, and that is what is sought by this action. He cannot claim he has no connection with plaintiff and then refuse to return the motor which plaintiff sent to him.

Appellant argues that the case presented is not one for replevin, but plaintiff must sue for the amount due it. The burden is that plaintiff delivered the goods and there was no reservation of title. We see no merit in this argument. All the parties, including the defendant, agree that the transaction was to be C. O. D. The action of plaintiff's truck driver in leaving the motor in the absence of defendant did not operate to change the agreement in this respect. There was evidence of a reservation of title, effective as to defendant if not as to third persons. Appellant cites cases to the effect that a reservation of title may be waived, but that is a question of fact, which was here resolved in favor of the plaintiff, if indeed it was ever raised.

The judgment is affirmed, with costs.